## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

RONALD DEAN MATTHEWS
ADC #73278                                                        PLAINTIFF

V.                              NO: 2:08CV00082 WRW/HDY

APRIL BRANDON *et al.*                                            DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on May 8, 2008. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a pre-jury evidentiary hearing on April 27, 2009, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth

above, the undersigned makes the following findings:

1.      The events giving rise to this complaint occurred at the East Arkansas Regional Unit.

2.      Defendants are April Brandon, an EARU sergeant; Valerie Westbrook, an EARU property officer; Essie Clay, an EARU disciplinary hearing officer; James Gibson, a disciplinary hearing administrator; Greg Harmon, EARU warden; and Larry Norris, ADC director.

3.      On December 18, 2007, Plaintiff was ordered to provide a urine sample for testing. Plaintiff says that he provided the sample to Brandon, and watched her pour something in the sample.  Plaintiff contends this was alcohol, and that Westbrook was present and conspired with Brandon to taint the sample.  Clay later found Plaintiff guilty of using alcohol and failing to obey staff orders.  Plaintiff's appeals to Gibson, Harmon, and Norris were unsuccessful.

4.      As a result of the conviction, Plaintiff spent nine months in segregation, lost class, his hobby craft card, and certain other privileges.  Plaintiff contends his due process rights were violated, and that he was subjected to cruel and unusual punishment.

5.      Plaintiff's claims against Brandon and Westbrook are essentially that they issued him a false disciplinary charge.  However, a false disciplinary is not itself a constitutional violation.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)).  Plaintiff described no retaliatory animus on the part of either Brandon or Westbrook, and in fact testified that he had gotten along well with both before the incident.

6.      The remainder of Plaintiff's due process claim is essentially a challenge to his disciplinary conviction.  Federal courts do not sit in appellate review of a prison disciplinary court's findings, but only decide whether an inmate's due process rights were violated.  *Goff v. Dailey*, 991

F.2d 1437, 1440 n.5 (8th Cir. 1993).  The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials."  Accordingly, the only inquiry to be made by this Court is to determine whether some evidence supports the disciplinary officer's findings.  At the hearing, Defendants presented as their Exhibit 1 a lab report demonstrating that Plaintiff had alcohol in his urine.  Thus, whatever complaints Plaintiff may have with the hearing, there was clearly "some evidence" supporting Clay's decision.  Accordingly, there was no due process violation by Clay, or by the Defendants who reviewed and affirmed the decision.

7.      With respect to Plaintiff's claims that he was subjected to cruel and unusual punishment, the Court notes that Plaintiff did not introduce any facts that would support such a finding.  Plaintiff's complaints of cruel and unusual punishment appear to be based on the time he spent in punitive isolation.  Plaintiff did testify that he did not receive his psychiatric  medications for a period of time when he was placed into punitive isolation.  According to the complaint, Plaintiff did not receive his medications from December 24, 2007, until January 2, 2008.  However, even if Plaintiff missed some medications, he did not testify to any harm that he sustained as a result of the delay.  When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay.  *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997).  Here,

there is not even an allegation of any detrimental effect.  Additionally, Plaintiff failed to identify any

other conditions or deprivations that could be considered cruel and unusual punishment.

## **CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce

sufficient evidence to create a fact issue to be submitted to a jury.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this __4__ day of May, 2009.


_____
UNITED STATES MAGISTRATE JUDGE